UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAVEVETT G. BELL,
  Plaintiff,

vs.                              No. 07-1181

DOUG TOOHILL,
  Defendant,

## ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A

The plaintiff, Davevett G. Bell, has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated at the Peoria County Jail. The plaintiff has named Jailor Doug Toohill as defendant. The plaintiff states that he has not exhausted his administrative remedies because the Peoria County Jail does not have a grievance process.

The plaintiff says on August 14, 2006, Defendant Toohill used excessive force against the plaintiff causing him injury. It appears the plaintiff was a pretrial detainee at the time of the incident so he has alleged a violation of his Fourteenth Amendment rights. The court notes that the plaintiff has stated a claim against Defendant Toohill in his individual capacity only. *See Monell v. Department of Social Services*, 436 U.S.658, 694 (1978).

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff has adequately alleged that Defendant Toohill violated his Fourteenth Amendment rights when he used excessive force against the plaintiff on August 14, 2006. The claim is against the plaintiff in his individual capacity.**

**2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

3)  This case shall proceed solely on those federal claims identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this __5th__ Day of September, 2007.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE