UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAVEVETT G. BELL,
  Plaintiff,

vs.                                          No. 07-1181

DOUG TOOHILL,
  Defendant,

## ORDER

This cause is before the court for consideration of the defendants' motion for summary judgement. [d/e 15]

### I. BACKGROUND

The plaintiff, a state prisoner, filed his lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated at the Peoria County Jail. On September 5, 2007, the court conducted a merit review and found that the plaintiff had alleged that Defendant Jailor Doug Toohill violated his Fourteenth Amendment rights when he used excessive force against the plaintiff on August 14, 2006. The claim is against the defendant in his individual capacity.

On October 31, 2007, the defendants filed a motion to dismiss the complaint. [d/e 15]. On November 20, 2007, the court converted the motion into a motion for summary judgement since the defendants asked the court to consider matters outside the pleadings. The court also gave the plaintiff additional time to file a response. *See* November 20, 2007 Court Order. The court has also granted additional extensions of time for the plaintiff to file a response. *See* January 9, 2008 Text Order; September 11, 2008 Text Order. The plaintiff has failed to provided a response, so the court will consider the motion without input from the plaintiff.

### II. FACTS

Steven Smith is the Peoria County Jail Superintendent. Smith states there was a grievance procedure at the Peoria County Jail that was available to the plaintiff in August of 2006. (Def. Mot, Ex. A, Smith Aff., p. 1). The Superintendent has provided a copy of the procedure for Inmate Complaints. (Def. Mot., Ex A-1) An inmate must write his complaint on an Inmate Request Form and the inmate must sign the form. The jail states that all complaints must be answered by a designated staff member within 5 days. If an inmate is not satisfied with the response, he can use an Inmate Request Form to ask for a review by the Correctional

1

Superintendent. (Def. Mot., Ex A-1).

The Jail Superintendent says he has searched the Peoria County Jail records and has found no Inmate Request Form from the plaintiff complaining about an incident on August 14, 2006 or about he actions of Jail Employee Toohill. (Def. Mot., Ex. A, Smith Aff., p. 1-2). Smith states the plaintiff has filled out previous Inmate Request Forms and he has provided copies of prior Inmate Request Forms from the plaintiff. (Def. Mot., Ex. A-2).

In addition, Smith says the plaintiff was charged with numerous rule violations as a result of the August 15, 2006 incident including: 1) failing to exit/enter his cell; 2) obstructing an officer; 3) attempted murder; 4) battery on staff; 4) malingering in the facility and 5) obscene language. The defendant has provided a copy of the Disciplinary Hearing Record from August 22, 2006. (Def. Memo, Ex. A-3). The plaintiff states that it was a misunderstanding between himself and Officer Toohill and he was just trying to defend himself. The plaintiff was found guilty of the rule violations and "was sentenced to thirty (30) days in lockdown as a result.." (Def. Memo, Ex. A., Smith Aff., p. 2)

### III. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

### IV. ANALYSIS

2

The defendants argue that the plaintiff has failed to exhaust his administrative remedies as required.  The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The defendants have presented uncontested evidence that the plaintiff failed to exhaust his administrative remedies.  Therefore, the court must dismiss this case.

The court notes that the defendants also argue that the plaintiff's claims is barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).   "When a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  This holding has been extended to judgement in prison disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997).   However, it is not clear from the record before the court whether the disciplinary action extended a sentence, or whether the plaintiff was a pretrial detainee. *See Rivera v. Holmes,* 2004 WL 2966858 (N.D. Ill. Nov. 23, 2004.); *see also DeWalt v Carter,* 224 F.3d 607, 618 ( the Supreme Court has not addressed whether Heck bars a challenge under §1983 to an administrative sanction that does not affect the length of confinement).

**IT IS THEREFORE ORDERED THAT:**

> **1) The defendant's motion for summary judgement  is granted pursuant to  Fed. R. Civ. P. 56. [d/e 15]   The clerk of the court is directed to enter judgment in favor of the defendant in accordance with this order.  The parties are to bear their own costs.  This case is terminated.**
>
> **2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)c.  If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).**

**3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such a change. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this   22nd Day of September, 2008.


s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE